# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| GEORGE R. FYKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:10-0244 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) JURY DEMAND |
| | ) |
| CORRECT CARE SOLUTIONS | ) |
| HEALTHCARE, MONTGOMERY | ) |
| COUNTY SHERIFF'S DEPARTMENT, | ) |
| DR. PIKE, and MELINDA STEPHENS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon two similar Motions "For Sanctions and Dismissal" (Docket Nos. 37, 39), filed by Defendants in this action. The Motions were purportedly filed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Plaintiff has not filed a Response to the Motions.

This is a pro se action filed pursuant to 42 U.S.C. § 1983 by an inmate who was incarcerated at the Montgomery County Jail at the time of the incidents that are the subject of the Complaint. Docket No. 1. Plaintiff essentially complains that he became ill and was sent to the Infirmary, where he remained for three (3) weeks. He apparently avers that the persons who treated him did not realize, for some unstated period of time, that he had Crohn's disease. He avers that he should have been hospitalized and states, "I would like to sue for med. mal practice." Docket No. 1, p. 5. Additionally, he states, "I would like to sue [Defendants] for discrimination . . . ." *Id*., p. 6.

At some point after the incidents referred to above, Plaintiff was transferred to the

Whiteville Correctional Facility.

The facts giving rise to the instant Motions are somewhat unusual. The Motions establish that Defendant Montgomery County previously filed a Motion for Leave to take Plaintiff's deposition. Docket No. 21. The Court granted that Motion. Docket No. 29. Defendants, therefore, scheduled Plaintiff's deposition at the Whiteville Correctional Facility. Counsel for Montgomery County traveled a total of 400 miles round trip and spent a total of 7 hours traveling to and from Whiteville. Counsel for the remaining Defendants traveled 340 miles round trip and incurred 7 hours of travel time.

According to the Motions, when Plaintiff was brought to the room where his deposition was to occur, he announced to Defendants' counsel that he no longer wished to pursue this action, that he wanted to dismiss his case against all Defendants, and that he would sign whatever he needed to sign in order to dismiss the case. The parties discussed drafting and submitting a Stipulation of Dismissal that would effect Plaintiff's desires. Therefore, counsel did not proceed with Plaintiff's scheduled deposition.

Defendants have filed a copy of the Transcript of at least part of the discussion that occurred at Plaintiff's deposition. Docket No. 37, p. 8-11. That Transcript states in relevant part as follows:

> MR. NOLAN: All right. Mr. Fyke, I'm Mark Nolan.
>
> MR. FYKE: Yes, sir.
>
> MR. NOLAN: We just met. We're here to take your deposition today. And before we got started, you advised us that you had something that you wanted to address about this lawsuit.
> MR. FYKE: Yes, sir. I'd like to go ahead and sign a waiver to dismiss this lawsuit against Montgomery County and dismiss the lawsuit against Correct Care Health Association affiliated with

2

>Montgomery County Jail and against Mary Ann [*sic*] Stephens and Dr. Pike. I'll sign a waiver to dismiss all lawsuits against those individuals.
>
>MR. NOLAN: Mr. Fyke, what we'll have to do, since you filed your lawsuit in Federal Court –
>
>MR. FYKE: Yes, sir.
>
>MR. NOLAN: – we'll need you to fill out a Stipulation of Dismissal.
>
>MR. FYKE: Yes, sir.
>
>MR. NOLAN: And I can do that for you and mail it to you.
>
>MR. FYKE: Very well.
>
>MR. NOLAN: And what you'll need to do, if you will basically sign it and send it back, we'll file it with the Court and that will officially dismiss the lawsuit.
>
>MR. FYKE: Yes, sir.
>
>MR. NOLAN: It's really as simple as that.
>
>MR. FYKE: Let's go ahead with it then.
>
>MR. NOLAN: Okay, well, then, based upon that, we're not to go through and take your deposition today. We'll skip all the – however many hours of questions that we were going to end up coming and doing that.
>
>MR. FYKE: Yes, sir.

Docket No. 37, p. 9-10.

The following day, counsel for Montgomery County sent a letter to Plaintiff with a proposed Stipulation of Dismissal. Plaintiff, however, did not sign and return the Stipulation, but instead sent a letter to counsel for Montgomery County, which states in part as follows:

>As we spoke on Oct. 7th here at Whiteville Facility I had said that I

> wanted to dismiss the case. However though I did think long and hard about this action and now I wish to pursue this lawsuit and can you please reset another date some time . . . for a deposition . . . .
>
> I would like to go ahead with this case please.

Docket No. 37, p. 16.

As a result of the foregoing situation, Defendants filed the instant Motions. Defendants seek to have this action dismissed or, in the alternative, seek an Order awarding Defendants their costs of traveling to Whiteville to take Plaintiff's deposition and returning. As discussed above, the instant Motions rely upon Rule 37(b)(2)(A)(v), which provides as follows:

> (b) Failure to Comply with a Court Order.
>
> . . .
>
> (2) Sanctions in the District where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) *fails to obey an order* to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (v) Dismissing the action or proceeding in whole or in part.

(Emphasis added.)

It is abundantly clear from the plain language of the Rule that it does not apply in the situation before the Court. Plaintiff simply has not "fail[ed] to obey an order to provide or permit discovery . . . ." The Court has not issued any Orders requiring Plaintiff "to provide or

4

permit discovery," and, therefore, Plaintiff did not fail to obey any such Order.[1] Instead, it seems clear that counsel for Defendants voluntarily chose not to proceed with Plaintiff's deposition, based upon his statements that he wished to dismiss this case. These facts simply do not fit the parameters of Rule 37(b)(2)(A)(v), which is the only authority relied upon by Defendants.[2]

For the foregoing reasons, the instant Motions for Sanctions and Dismissal (Docket Nos. 37, 39) are DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

[1] In this regard, the Court notes that the Order granting Montgomery County's "Motion to Take Prisoner Deposition" (Docket No. 29) grants leave to take Plaintiff's deposition; it does not require Plaintiff to give a deposition.

[2] Defendants did not file Memoranda of Law accompanying their Motions, as required by Local Rule 7.01(a). The Court notes that both Motions contain a passing reference to Rule 37, "Sanctions for Failure to Prosecute." Docket No. 37, p. 4; Docket No. 39, p. 4. This reference, however, is in the context of an argument that the Court should award Defendants their attorneys' fees and costs, but the Court should order that the case not proceed until the "appropriate cost award" is paid by Plaintiff and that, if Plaintiff does not pay the sanction, his case should be dismissed under Rule 37, Sanctions for Failure to Prosecute. As best the Court can tell, there is no provision in Rule 37 concerning "Sanctions for Failure to Prosecute."