# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GEORGE R. FYKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 3:10-0244 |
| vs. | ) JUDGE TRAUGER / KNOWLES |
| | ) |
| | ) |
| CORRECT CARE SOLUTIONS | ) |
| HEALTHCARE, MONTGOMERY COUNTY | ) |
| SHERIFF'S DEPARTMENT, DR. PIKE, and | ) |
| MELINDA STEPHENS, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant Montgomery County Tennessee.[1]  Docket No. 61.  In support of its Motion, Defendant has contemporaneously filed a Memorandum of Law (Docket No. 62), and a Statement of Undisputed Material Facts (Docket No. 63).  Defendant has also filed excerpts from Plaintiff's Deposition (Docket No. 64-1), and two copies of the Affidavit of Lt. Dan Armstrong (Docket Nos. 65, 66).[2]

---

[1] Defendants Correct Care Solutions, LCC, Dr. Carlo Pike, and Nurse Melinda Stephens have also filed a Motion for Summary Judgment (Docket No. 58), which the undersigned will address in a separate Report and Recommendation.

[2] The body of each copy of Lt. Armstrong's Affidavit is identical.  The only difference between the two copies of Lt. Armstrong's Affidavit is that Docket No. 66 contains a Certificate

Plaintiff has not responded to Defendant's Motion for Summary Judgment or Statement of Undisputed Material Facts.

Plaintiff filed this pro se action alleging that Defendants violated his rights under 42 U.S.C. §1983 by not providing him with "the correct medical care." Docket No. 1. Plaintiff also averred that Defendants engaged in "discrimination and medical mal practice [*sic*]." Docket No. 1. While Plaintiff originally alleged "discrimination and medical mal practice [*sic*]," Plaintiff testified in his deposition that he was not discriminated against and was not pursuing his discrimination claim. Docket No. 64-1, Deposition of George Fyke ("Plaintiff's Dep."), p. 118. Plaintiff seeks $750,000 in damages. *Id.*

Defendant filed the instant Motion for Summary Judgment and supporting materials on April 1, 2011. Docket Nos. 61-66. Defendant Montgomery County argues that Plaintiff cannot sustain his §1983 claims against it because Plaintiff's only allegation against it is that he was not sent to the hospital, but Plaintiff has not alleged, and has acknowledged having no knowledge of, any official Montgomery County policies or procedures that were violated in the provision of his medical care. *Id.* With regard to Plaintiff's medical malpractice claim, Defendant argues that Plaintiff cannot sustain his claim against it because it is not a healthcare provider subject to professional negligence under the Tennessee Medical Malpractice Act. *Id.*

For the reasons set forth below, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

---

of Service, while Docket No. 65 does not.

## II. Undisputed Facts[3]

Plaintiff, currently incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee, was, at all times relevant to the case at bar, incarcerated in the Montgomery County Jail ("Jail"). Plaintiff's Dep., p. 7, 8; Docket No. 66, Affidavit of Lt. Dan Armstrong ("Armstrong Aff."), ¶ 3. While incarcerated in the Jail, Plaintiff became ill with vomiting and diarrhea. Plaintiff's Dep., pp. 18, 62, 63. Plaintiff reported his illness to the guard on duty and the guard notified a nurse. *Id.* at 23, 25. The nurse took Plaintiff's temperature and provided him with Tylenol. *Id.* at 23.

The following morning, Plaintiff was taken to sick call and then placed in the infirmary. *Id.* at 26. After receiving treatment from nurses and doctors, Plaintiff was told that he had a stomach bug and was tested for the swine flu. *Id.* at 29, 39. Within a couple of days of being in the infirmary, Plaintiff reported to the nurse that he was feeling better and that he wanted to go back to his regular cell. *Id.* at 65. Plaintiff received IV fluids and was released from the infirmary. *Id.* at 29. At the time Plaintiff was released from the infirmary, he was not throwing up or passing bloody stool. *Id.* at 34.

At the time he was incarcerated in the Jail, Plaintiff had been diagnosed as a diabetic. *Id.* at 56-57. The medication Plaintiff took to manage his diabetes is known to cause gastrointestinal problems. *Id.*

After being treated at the Jail, Plaintiff's condition went away for approximately eight to nine months, until it flared up again. *Id.* at 49. Plaintiff was later diagnosed with Crohn's

---

[3] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

3

Disease, but had not been diagnosed with Crohn's Disease prior to coming to the Jail. *Id.* at 33.

The Jail is not a health care provider. Armstrong Aff., ¶ 9. The Jail maintains a contractual agreement with a corrections health care provider for the provision of medical care to inmates. *Id.* The Jail has a 24-hour nursing staff, 7 days a week, 365 days a year. *Id.*

At all times relevant to this matter, the Jail had policies and procedures in place governing the provision of medical care to inmates housed in the facility. Armstrong Aff., ¶ 7. All inmates at the Jail are provided with medical services in accordance with the policies and procedures of the Jail. *Id.* at ¶ 9. All medical complaints by inmates are taken seriously. *Id.* Legitimate medical complaints are never ignored and the Jail medical staff undertakes every effort to provide care and treatment to inmates as quickly and efficiently as possible. *Id.*

Pursuant to the Jail's policies, no inmate shall be denied medical care or have medical care compromised because of sex, race, color, creed, or marital status. *Id.* at ¶ 7, Ex. 1. Also pursuant to the Jail's policies, any inmate in the facility who requests a sick call slip will be provided that slip in a timely manner. *Id.* The Deputy who takes the sick call slip from the inmate is to ascertain whether the nature of the request is emergent or non-emergent. *Id.* Examples of emergent conditions include chest pains, diabetic problems, and difficulty breathing. *Id.* The sick call slips are collected and placed in the sick call box at Central Control and are then picked up by the medical staff. *Id.*

Plaintiff was familiar with the Jail's Sick Call Request Policy and availed himself of that policy. Plaintiff's Dep., p. 117. As a result of utilizing the Jail's Sick Call Request Policy, Plaintiff received medical treatment. *Id.*

Plaintiff does not allege that he was denied treatment. *Id.* at 49-50. Rather, Plaintiff's

4

only allegation against Defendant is that he was not sent to the hospital. *Id.* at 69-70.

Defendant did not violate any policy or procedure it had in place as it relates to Plaintiff's medical care. Armstrong Aff., ¶ 9.

## IV. Analysis

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on April 1, 2011. Docket No. 61. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine

issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.

1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. 42 U.S.C. § 1983

### 1. Generally

Plaintiff alleges that Defendant violated his rights pursuant to 42 U.S.C. § 1983. Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Municipal Liability: Montgomery County

In order for Montgomery County to be subject to liability under § 1983, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton* at 387-388; *Monell* at 690-691 (In order to find a governmental entity liable, Plaintiff must establish that, (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.).

As an initial matter, the Court notes that Plaintiff has failed to proffer any evidence in a form required by Fed. R. Civ. P. 56 establishing that he suffered the deprivation of a constitutionally protected interest. While Plaintiff asserts that Defendant violated his Eighth Amendment rights, it is undisputed that Plaintiff received medical care that was in accordance

8

with the Jail policies. It is also undisputed that Plaintiff's condition resolved after treatment in the infirmary and did not return for eight to nine months. Plaintiff cannot establish that Defendant was in any way deliberately indifferent to a serious medical need.

Moreover, Plaintiff has failed to even allege that a Montgomery County policy, practice, or custom caused him injury. In fact, it is undisputed that, at all times relevant to this matter, the Jail had policies and procedures in place governing the provision of medical care to inmates housed in the facility; that Plaintiff was familiar with the Jail's Sick Call Request Policy and availed himself of that policy; that as a result of utilizing the Jail's Sick Call Request Policy, Plaintiff received medical treatment; and that Defendant did not violate any policy or procedure it had in place as it relates to Plaintiff's medical care.

Plaintiff has failed to demonstrate that an official Montgomery County policy or custom caused him injury.[4] Because Plaintiff has failed to establish that he suffered a deprivation of a constitutionally protected interest, and that the deprivation was caused by an official Montgomery County policy, custom, or usage, Plaintiff cannot sustain his claims against Montgomery County, and it is entitled to a judgment as a matter of law.

It appears that Plaintiff's alleged "medical malpractice" claim is brought solely under 42 U.S.C. § 1983. To the extent that Plaintiff seeks to raise a medical malpractice claim under state law, Plaintiff cannot sustain that claim, because Defendant is not a healthcare provider subject to professional negligence under the Tennessee Medical Malpractice Act. *See* T.C.A. § 29-26-115.

---

[4] In fact, Plaintiff does not raise allegations against Montgomery County itself, rather, Plaintiff's allegations are against the Montgomery County Sheriff's Department. For the purposes of this lawsuit, however, the Montgomery County stands in the shoes of Montgomery County Sheriff's Department.

The Court further notes that medical malpractice does not constitute an Eighth Amendment violation (and, therefore, it does not constitute a violation of § 1983). *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

## V. Conclusion

For the foregoing reasons, the undersigned concludes that, after viewing all the facts and inferences in favor of the nonmoving party, there are no genuine issues as to any material fact with regard to Plaintiff's claims and that Defendant is entitled to judgment as a matter of law. The undersigned therefore recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge