IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GEORGE R. FYKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 3:10-0244 |
| vs. | ) | JUDGE TRAUGER / KNOWLES |
| | ) | |
| | ) | |
| CORRECT CARE SOLUTIONS | ) | |
| HEALTHCARE, MONTGOMERY COUNTY | ) | |
| SHERIFF'S DEPARTMENT, DR. PIKE, and | ) | |
| MELINDA STEPHENS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Correct Care Solutions, LCC ("CCS"), Dr. Carlo Pike, and Nurse Melinda Stephens.[1] Docket No. 58. In support of their Motion, Defendants have contemporaneously filed a Memorandum of Law (Docket No. 59), and a Statement of Undisputed Material Facts (Docket No. 60). Defendants have additionally submitted, as Exhibits, Plaintiff's Jail and medical records (Docket No. 58-1, Exhibits 1-24), as well as his Deposition transcript (Docket No. 58-2, Exhibit 25).

---

[1]Defendant Montgomery County filed its own Motion for Summary Judgment, which the undersigned recommended be granted in a previously filed Report and Recommendation. Docket No. 87. If Judge Trauger adopts both Reports and Recommendations, all Defendants will have been dismissed.

1

Plaintiff has not responded to Defendants' Motion for Summary Judgment or Statement of Undisputed Material Facts.

Plaintiff filed this pro se action alleging that Defendants violated his rights under 42 U.S.C. §1983 by not providing him with "the correct medical care." Docket No. 1. Plaintiff also avers that Defendants engaged in "discrimination and medical mal practice [*sic*]." Docket No. 1. While Plaintiff originally alleged "discrimination and medical mal practice [*sic*]," Plaintiff testified in his deposition that he was not discriminated against and was not pursuing his discrimination claim. Docket No. 64-1, Deposition of George Fyke ("Plaintiff's Dep."), p. 118. Plaintiff seeks $750,000 in damages. *Id.*

Defendants filed the instant Motion for Summary Judgment and supporting materials on April 1, 2011. Docket Nos. 58-60. Defendants argue that they are entitled to Summary Judgment because: 1) Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act because he has not filed any grievances regarding the allegations contained in his Complaint; 2) this Court lacks jurisdiction over Plaintiff's medical malpractice claim because there is no diversity between the parties; 3) Plaintiff testified that there was no discrimination against him, and he does not wish to pursue a discrimination claim; 4) Plaintiff cannot maintain a § 1983 claim against Defendant CCS based on respondeat superior, and he has not alleged an official CCS policy or procedure that lead to his alleged constitutional violations; and 5) Plaintiff cannot satisfy either the objective or the subjective prong of his § 1983 claim against Dr. Pike and/or Nurse Stephens. *Id.*

For the reasons set forth below, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and

Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts[2]

Plaintiff, currently incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee, was, at all times relevant to the case at bar, incarcerated in the Montgomery County Jail ("Jail"). Plaintiff's Dep., p. 7, 8. During his March 31 intake to the Jail, Plaintiff underwent a Medical History and Screening, and TB Screening. Docket No. 58-1, Ex. 1.

On April 1, 2009, Plaintiff submitted a Health Service Request and was seen by a nurse on April 3. Docket No. 58-1, Ex. 2. On April 3, Plaintiff was placed in the infirmary for observation after a "diabetic episode." *Id.*, Ex. 3. Plaintiff remained in the infirmary overnight, and was released back to his jail cell on April 4, 2009. *Id.*, Ex. 4.

On April 10, 2009, Plaintiff underwent a Physical Assessment and Chronic Care visit, which did not reveal any abnormalities. *Id.*, Ex. 6.

On April 10 and 13, 2009, Plaintiff filed Health Service Requests, and was seen on April 14 for those requests. *Id.*, Exs. 7, 8. On April 13 and 16, 2009, Plaintiff again filed Health Service Requests and was seen for those requests on April 17. *Id.*, Ex. 9. On April 17, Plaintiff filed another Health Service Request, and was evaluated for that complaint on April 20. *Id.*, Ex. 10.

On May 9 and 10, 2009, Plaintiff was again evaluated by medical personnel. *Id.*, Ex. 12.

On May 12, 2009, Plaintiff reported that he had internal hemorrhoids as a result of

---

[2]Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

3

ingesting too much Metaformin, had "severe butt and leg pain," and suffered from diarrhea. *Id.*, Ex. 13. Plaintiff was evaluated for these complaints on May 13. *Id.*

On May 14, 2009, Plaintiff complained of diarrhea, fever, sweats, chills, and vomiting. *Id.*, Ex. 14. Plaintiff was placed on medical lockdown, given Tylenol, and had a specimen sample taken for laboratory testing. *Id.* Plaintiff's specimen sample was processed on May 15 and was negative, but Dr. Pike was paged for further medical care. *Id.*, Ex. 15. Plaintiff was moved to the infirmary on May 15, where he remained until May 30, 2009, when he was released back to his cell. *Id.*

On June 1, 2009, Plaintiff filed another Health Service Request, requesting certain medication that he received "on the outside." *Id.*, Ex. 16. On June 2, Nurse Stephens evaluated Plaintiff for this request. *Id.*

Plaintiff was again placed in the infirmary on June 9 and 10, 2009. *Id.*, Ex. 17.

On June 15, Plaintiff filed another Health Service Request, complaining of a sinus infection and pain in his tooth. *Id.*, Ex. 18. Plaintiff was evaluated for these complaints on June 17. *Id.* On June 25, Plaintiff continued to complain of sinus problems and requests new medication. *Id.*, Ex. 19. He was evaluated the next day. *Id.*

On June 29, 2009, Plaintiff requested an inhaler, which was issued to him on June 30. *Id.*, Ex. 20.

On July 2 and 4, Plaintiff requested additional medication and complained of pain in his leg and foot. *Id.*, Ex. 21. Plaintiff was seen on July 6, in response to these complaints and for his Chronic Care visit. *Id.*

Plaintiff filed additional Health Service Requests from July 6 to August 10, 2009, and

4

was evaluated in response to each. *Id.*, Ex. 22.

Of the grievances Plaintiff filed while an inmate at the Jail, none were in regard to the allegations made in his Complaint. *Id.*, Ex. 24.

## IV. Analysis

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on April 1, 2011. Docket No. 58. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine

issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.

1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. 42 U.S.C. § 1983**

**1. Generally**

Plaintiff alleges that Defendants violated his rights pursuant to 42 U.S.C. § 1983. Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

7

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. The Case At Bar

As an initial matter, although Plaintiff's Complaint is written on a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form, Plaintiff does not aver any deprivation of a constitutionally protected right. *See* Docket No. 1. Plaintiff does not allege that Defendants denied him medical care; rather, Plaintiff acknowledges receiving medical care, but complains that he did not receive the "correct medical care." *Id.* Plaintiff writes, "I would like to sue for Med Mal practice." *Id.* Significantly, because the Eighth Amendment is not violated by negligent medical care, medical malpractice does not establish a constitutional violation merely because the plaintiff is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Moreover, although Plaintiff feels that he did not receive the "correct medical care," the Constitution, while requiring that prisoners be provided with a certain minimum level of medical treatment, does not guarantee to a prisoner the treatment of his choice. *J.P. v. Taft*, 439

8

F.Supp.2d 793, 809 (S.D.Ohio 2006), *citing Pruitt v. Moore*, 2003 WL 23851094 *7-8 (D.S.C. July 7, 2003). It is undisputed that each time Plaintiff filed a Health Service Request, he was promptly seen by someone on the Jail medical staff. It is therefore undisputed that Plaintiff received medical care. The fact that it was not the medical care he felt he should have received, however, does not establish a constitutional violation.

It appears that Plaintiff's alleged "medical malpractice" claim against the instant Defendants is brought solely under 42 U.S.C. 1983. To the extent that Plaintiff seeks to raise a medical malpractice claim against the instant Defendants pursuant to state law Plaintiff has failed to establish a jurisdictional basis for such a claim, and the Court should decline to exercise pendant jurisdiction over such a claim. *See, e.g., United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

## V. Conclusion

For the foregoing reasons, the undersigned concludes that, after viewing all the facts and inferences in favor of the nonmoving party, there are no genuine issues as to any material fact with regard to Plaintiff's claims and that Defendants are entitled to judgment as a matter of law. The undersigned therefore recommends that Defendants' Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge